# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| LANCE KERRY CARLSON,<br><br>                     Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security<br>Administration,<br><br>                     Defendant. | No. CV 20-82- H-SEH<br><br>**ORDER** |

Plaintiff Lance Kerry Carlson ("Carlson"), following administrative law judge ("ALJ") hearing appealed the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The matter is fully briefed and ripe for ruling.

## **PROCEDURAL BACKGROUND**

Carlson claims disability began on June 28, 2016.[1] He filed for disability and disability benefits on March 7, 2018.[2] The Commissioner denied the

---

[1] *See* Doc. 8 at 17.

[2] *See* Doc. 8 at 7.

application.[3] Reconsideration was sought and denied.[4] The ALJ hearing was held on November 19, 2019.[5]

The ALJ decision on January 22, 2020, denying Carlson's application for disability benefits,[6] concluded, *inter alia*:

> (1) Carlson "has not engaged in substantial gainful activity since June 28, 2016;"[7]
>
> (2) had the "severe impairments: degenerative disc disease; anxiety with explosive disorder; post traumatic stress disorder (PTSD); and depression;"[8]
>
> (3) "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404;"[9]
>
> (4) "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b);"[10] and

---

[3] *See* Doc. 8 at 7.

[4] *See* Doc. 8 at 7.

[5] *See* Doc. 8 at 7.

[6] *See* Doc. 8 at 30.

[7] Doc. 8 at 20.

[8] Doc. 8 at 20.

[9] Doc. 8 at 20.

[10] *See* Doc. 8 at 22.

(5) "has not been under a disability, as defined in the Social Security Act, from June 28, 2016, through the date of this decision."[11]

The ALJ's decision was denied rehearing by the Appeals Counsel.[12] Judicial review in this Court was sought.[13] An opening brief was filed.[14] The Commissioner responded[15] and a reply was filed.[16]

## **LEGAL STANDARD**

A disability benefits claimant may seek limited judicial review from an adverse decision of the Commissioner.[17] The court may disturb an ALJ's decision denying disability "benefits 'only if it is not supported by substantial evidence or is based on legal error.'"[18]

"'Substantial evidence means more than a mere scintilla but less than a

---

[11] Doc. 8 at 29.

[12] Doc. 8 at 5.

[13] *See* Doc. 1.

[14] Doc. 10.

[15] Doc. 11.

[16] Doc. 12.

[17] *See* 42 U.S.C. § 405(g); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

[18] *Treichler,* 775 F.3d at 1098 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[19] The court must uphold an ALJ decision if a legal "error is harmless."[20]

Five steps[21] are assessed upon review to determine an individual's disability status:

> 1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. Does the impairment "meet or equal" one of the list of specific impairments described in 20 C.F.R. Part 200, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R §§ 404.1520(e), 416.920(e).

---

[19] *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (quoting *Andrews*, 53 F.3d at 1039).

[20] *Treichler,* 775 F.3d at 1099.

[21] *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).[22]

The claimant has the burden of proof for establishing steps one, two, three, and four.[23] The Commissioner bears the burden for step five.[24]

## DISCUSSION

I. **Medical Source Evidence**

Prior to March 27, 2017, Social Security regulations allowed an ALJ to consider "[medical] opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)."[25] "[A] treating physician's opinion is entitled to 'substantial weight.'"[26] "'The opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician.'"[27]

---

[22] *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

[23] *See Tackett*, 180 F.3d at 1098 (9th Cir. 1999).

[24] *See Tackett*, 180 F.3d at 1098 (9th Cir. 1999).

[25] *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995).

[26] *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

[27] *Ford*, 950 F.3d at 1155 (quoting *Lester*, 81 F.3d at 830).

If an ALJ rejects either a treating or examining physician's opinion, "'specific and legitimate reasons that are supported by substantial evidence in the record'"[28] must be detailed. "'[A] detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings'"[29] must be proved. More than a statement of conclusions must be provided.[30] The ALJ must provide his own interpretations and explain why those interpretations, rather than those of the physician are correct.[31]

A change in 20 C.F.R. § 404.1520c, implemented March 27, 2017, no longer differentiates the weight afforded to the source of medical opinion. The phrase "your medical source(s)"[32] now incorporates and contemplates five factors to be considered in evaluating the persuasiveness of the medical source's opinion.[33] "'[S]pecific and legitimate reasons that are supported by substantial evidence in the record'" remain as requirements for rejection of a medical source

---

[28] *Ford*, 950 F.3d at 1155 (quoting *Lester*, 81 F.3d at 830-31).

[29] *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

[30] *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

[31] *See Reddick*, 157 F.3d at 725 (citing *Embrey*, 849 F.2d at 421-22).

[32] *See* 20 C.F.R. § 404.1520c.

[33] *See* 20 C.F.R. §§ 404.1520c (a)-(c) (2017).

opinion.[34]

The record in this case clearly reflects and incorporates substantial components of the treatment records Plaintiff's physician since 2016, Andrew Gilbert, MD. Included in Dr. Gilbert's treatment notes is a letter from him to Montana State Fund dated May 12, 2016,[35] which, *inter alia,* outlined a number of conditions for which Dr. Gilbert was treating Plaintiff including, "Headache, Chest Wall Pain, Right Sided Rib Pain; exacerbation of prior cervical radiculopathy, right ulnar neuropathy, right elbow pain, thoracic back pain, chronic low back pain, and chronic abdominal pain."[36]

The ALJ in substance rejected Dr. Gilbert's opinion concerning Plaintiff's disability stating: "[t]his opinion is not persuasive as Dr. Gilbert does not specifically define what amount of weight he considers 'heavy lifting' nor does he clearly define what is meant by 'repetitive.'"[37] The ALJ's conclusion as to the extent and severity of Carlson's disability was not supported by Dr. Gilbert's records and constituted legal error, not susceptible to classification as harmless

---

[34] *Ford*, 950 F.3d at 1155 (quoting *Lester*, 81 F.3d at 830-31).

[35] Doc. 8 at 504.

[36] Doc. 8 at 504.

[37] Doc. 8 at 26.

error. Moreover, the ALJ's reliance upon the inconsistent opinion of Ronald P. Houston, PHD, who neither treated or examined Plaintiff to reach a conclusion contrary to that of Dr. Gilbert and Cindy Little, a licensed clinical social worker, was, all factors considered, unwarranted.

The substantial and consistent evidence presented by Dr. Gilbert and Cindy Little supports the conclusion that Carlson is disabled. As Dr. Gilbert opined, "[h]e is limited with jobs both physical [sic] and mentally. He cannot do physical jobs requiring heavy lifting, bending twisting, prolonged time sitting or standing. . . He cannot work in [a] job around other people with his anxiety, outbursts."[38]

The ALJ erred in his determination of Carlson's disability status.

### III. Remand or Reversal

The Court has discretion as to whether to remand to the ALJ for further proceedings or to award benefits.[39] Carlson seeks benefits.[40] He is clearly disabled. An award of benefits is appropriate.

ORDERED:

1.  The ALJ's decision is REVERSED. The case is REMANDED with

---

[38] Doc. 8 at 976.

[39] *See Reddick*, 157 F.3d at 725, 728.

[40] *See* Doc. 10 at 33.

instructions to award disability benefits to Carlson.

2.	The ALJ shall incorporate into the award of benefits that Carlson's part-time employment shall not exceed lawfully authorized substantial gainful activity limits.

DATED this 17th day of June, 2021.

*[signature]*
SAM E. HADDON
United States District Judge